This is a suit in which plaintiff, August Frank, seeks to recover from defendant, Marie C. Liuzza, the sum of $212. Plaintiff claims that he is the owner of the premises 1112 Dauphine Street and that the defendant is the owner of the adjoining property known as 1116 Dauphine Street. He avers that on or about July 19, 1944, defendant agreed to pay one-half the cost of a brick wall which he proposed to erect between the properties.
The defendant excepted to the petition on the grounds of vagueness and of no cause of action. The exception of vagueness was maintained and plaintiff amended his petition in compliance with an order of court. The exception of no cause or right of action was overruled. The defendant then answered the suit, filing what amounts to a general denial.
The matter proceeded to trial on its merits and the demands of plaintiff were dismissed, and from that judgment this appeal has been taken.
Defendant's counsel reurged the exception of no cause of action before us. In view of the conclusions which we have reached on the merits of the case, we find it unnecessary to consider the exception.
Plaintiff was the owner of a dilapidated building at 1112 Dauphine Street, which had remained vacant for a period of about fifteen years, and some time during July 1944 he desired to make certain repairs to the premises. Separating plaintiff's property from 1116 Dauphine Street, which is owned by the defendant, there existed "an old rotten fence". Plaintiff contemplated erecting a brick wall between the *Page 792 
respective properties in place of the wooden fence, and he testified that he called upon defendant on July 19, 1944, and defendant agreed to the erection of the wall, which was to be seven feet in height, and agreed to pay for one-half of the cost, she stipulating that the wall should be entirely on the property of the plaintiff, and that the side of the wall facing her premises should not be stuccoed as she desired to have the bare bricks exposed on her side. The defendant denies that she made any agreement with the plaintiff.
Three witnesses testified for plaintiff. Two of these were workmen who constructed the brick wall, and the other was the architect of the Vieux Carre Commission. They testified that they were present and heard the defendant enter into the alleged verbal agreement.
However, Mr. Keenan, the architect, on cross-examination, admitted that he could not identify the defendant, and was unable to positively state that she was the person who had the conversation with plaintiff. Lousteau, one of plaintiff's workmen, testified that on July 19, 1944, he heard Miss Liuzza direct plaintiff to proceed with the work, and that immediately after the defendant had entered into the agreement with Mr. Frank he started to erect the wall, and that it was completed in about seven days. The other workman, Boyd, admitted that he did not do any work on the wall until August 1944. The testimony of Boyd is not in accord with the statements of Lousteau, as the latter testified that the wall was completed seven days after July 19, 1944, whereas the former claims that he worked on the wall in August. A Mrs. Musso, who lives next door to Miss Liuzza, testified that on July 19, 1944, the wall had been erected to a height of about two and one-half or three feet. This witness stated that she remembers the date well as her mother had been buried on that day. This testimony tends to show that the statements made by both Boyd and Lousteau are incorrect.
The defendant denies having made any agreement with plaintiff. Two other witnesses, who lived in the Liuzza house, stated they knew of no such agreement. Another circumstance which cannot readily be reconciled is the fact that after the wall was erected plaintiff, instead of sending the bill for one-half of the cost to Miss Liuzza, sent it to Anthony Liuzza, the father of the defendant.
There appear various inconsistencies in the testimony of plaintiff and his witnesses, some of which have been indicated above. This case involves a question of fact. The judge of the lower court, who saw and heard the witnesses, resolved the matter in favor of defendant, and whereas only facts and the veracity of the witnesses are involved, and there appearing no manifest error in the judgment appealed from, it must be affirmed.
Affirmed.